[Civ. No. 521.  Second Appellate District.—September 16, 1908.]

FREDERICH SCHMIDT, Respondent, v. A. B. CHIT-
    TENDEN et al., Defendants; EDWIN R. FOX, Appel-
    lant.

VENDOR AND PURCHASER—CONTRACT OF SALE—LIMITED AGENCY TO SELL
    FOR GROSS SUM—SALE PER ACRE UNAUTHORIZED AND VOID.—
    Where the owner of property authorized an agent to sell it for a
    gross sum specified, a contract of sale by the agent, without the
    consent of the owner, at a price per acre was beyond the authority
    conferred; and where it appears that the purchase by measurement
    at the agreed price per acre would result in a substantial diminu-
    tion of the gross price fixed, and that the purchaser sought to ob-
    tain through the agent terms to which the principal had refused to
    agree, when brought to him by the agent as a proposed purchaser,
    the sale was void, and the owner may quiet his title against the
    purchaser.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Edwin R. Fox, Appellant, *in pro. per.*

W. C. Batcheller, for Respondent.

TAGGART, J.—Action to quiet title.  Defendant Fox filed
a cross-complaint alleging purchase of the property, which
purchase was evidenced by a written contract signed by de-
fendant Chittenden as the agent of plaintiff, and asked for
damages in the sum of $10,000 for breach of this contract by
refusal of plaintiff to convey the premises in accordance there-
with.  Judgment was for plaintiff on both complaint and
cross-complaint, and defendant Fox appeals from the judg-
ment and from an order denying his motion for a new trial.

Plaintiff, who was the owner of a tract of land in Vernon,
Los Angeles county, containing about eight and one-half
acres, on February 7, 1906, signed a writing constituting the
defendant Chittenden "sole and exclusive agent" for the sale
of certain property situated "in city of and county of Los

Angeles, state of California, described as follows, to wit; 8½ acres fronting on Santa Fe ave. part of Chipley & Baker rancho, the said agency to continue for five days from date hereof.'' The terms fixed were: ''Price, $15,300. Terms, ⅓ cash—bal. 1 & 2 yrs., 6% int., or upon such other terms as may be hereafter agreed upon in writing, between the said agent and myself.'' Authority is given to sign necessary contracts in accordance with above terms and to receipt for deposits of purchase money made.

On February 10, 1906, Chittenden reported the receipt of $300 cash from defendant Fox as deposit on purchase of the property; on the same day, the plaintiff and defendants coming together for negotiations, the defendants Chittenden and Fox withdrew from the negotiations and defendant Fox refused to purchase said property owing to a disagreement as to terms. Thereafter, and on the same day, the defendants Chittenden and Fox, the former assuming to act for plaintiff under the authorization mentioned, entered into a contract in writing wherein and whereby plaintiff agreed to sell and defendant agreed to purchase certain property situated in the county of Los Angeles (without mention of either Vernon or Los Angeles city), described by metes and bounds; ''said to contain 8½ acres, at the rate of $1800 per acre, which amounts to $15,300.'' ''The party of the second part agrees to purchase the said 8½ acres, at the said rate of $1,800 per acre.'' The terms named were $300 cash, $5,000 on transfer of deed, and mortgage to secure the balance, one-half due one year; other in two years, interest six per cent, payable semi-annually. Defendant to have right to cancel mortgage at any time.

The court finds the facts substantially as above stated, and also that defendant Fox is not damaged in any sum by the refusal of plaintiff to convey. There is sufficient evidence in the record to support the findings made. It clearly appears from the testimony that at the interview between plaintiff and Fox, that Fox maintained the right to purchase the lands mentioned at $1,800 per acre according to measurement, and that plaintiff declined to sell in this way, and that after the negotiations between them failed Fox procured the writing to be executed by Chittenden as plaintiff's agent. The grant of agency from plaintiff to Chittenden does not authorize the making of a contract such as the one executed by him in the

name of plaintiff, and no change was made in the terms upon which Chittenden was authorized to sell. The testimony shows that purchase by measurement would result in a substantial diminution of the aggregate amount of the purchase price that plaintiff would receive. An authorization to sell for a gross sum is not authority to sell at a price per acre. It is apparent that the defendant Fox sought to obtain through this contract with the agent that to which the principal refused to agree and that which the plaintiff had never given Chittenden authority to do.

It is not necessary to consider the other objections as to variance in, or failure of description, etc., urged by plaintiff against defendant Fox's claim for damages.

There is testimony as to value of the property which supports the finding of damages by the court. We do not pass upon the ruling reserved by the trial court upon the question whether or not a cross-complaint for damages is proper in an action of this character.

We see nothing in either appeal to justify us in disturbing the judgment.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.